UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JESUS CHAVARRIA-ARELLANO,<br><br>                    Defendant. | No. CR-12-6050-FVS<br><br>ORDER DENYING MOTION TO VACATE |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to vacate the judgment and sentence. 28 U.S.C. § 2255. He is representing himself. The plaintiff is represented by Alison L. Gregoire.

**BACKGROUND**

Jesus Chavarria-Arellano illegally entered the United States when he was 15 or 16 years old. During May of 1998, he was arrested in Grandview, Washington, and booked into jail. On or about May 19th, an agent of the (former) Immigration and Naturalization Service ("INS") contacted him. The INS agent thought he was illegally in the United States and offered him voluntary removal to Mexico. As it turned out, the INS agent was mistaken. Mr. Chavarria-Arellano was entitled to be in the United States. Nevertheless, he accepted the INS agent's offer of voluntary removal. An order was entered on or about May 19, 1998.

Once in Mexico, Mr. Chavarria-Arellano realized he had erred by

Order - 1

accepting the agent's offer. On July 1, 1998, he attempted to reenter this country at San Ysidro, California; falsely claiming to be a United States citizen. He did not deceive the agent who interviewed him. At that point, Mr. Chavarria-Arellano could have requested permission to withdraw his application for entry into the United States, and, in its discretion, the INS could have granted the request and allowed him to return to Mexico. However, no one told him he was entitled to request such relief. Instead, an agent commenced expedited removal proceedings. That very day (July 1, 1998) an order of removal was entered.

Mr. Chavarria-Arellano returned illegally a few weeks later. On August 27, 1998, he was convicted of two misdemeanors in the State of Washington. He was not removed from the United States. On March 28, 2000, he was convicted in Yakima County (Washington) Superior Court of the crime of conspiracy to deliver cocaine. RCW 69.50.401(1); RCW 69.50.407; RCW 9A.28.040.[1] This time, the INS acted. It reinstated the July 1st order on or about March 30, 2000, and removed Mr. Chavarria-Arellano. However, he soon returned, evading detection for many years. Immigration officials did not find him until 2012.[2] This led to his indictment on a charge of Alien in the United States after

---

[1] RCW 69.50.401(1) makes it "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

[2] Effective March 1, 2003, the INS was replaced with the Department of Homeland Security ("DHS"). *See Wakkary v. Holder*, 558 F.3d 1049, 1055 n.2 (9th Cir.2009).

Order - 2

Deportation.  8 U.S.C. § 1326.

    Mr. Chavarria-Arellano's attorney moved to dismiss the Indictment.  She argued he had been improperly removed from the United States pursuant to the order that was entered on or about May 19, 1998.  Were it not for that improper order, observed his attorney, he would not have found himself at the border on July 1, 1998.  His attorney acknowledged he should not have lied to immigration officials.  Even so, in her opinion, they had a duty to inform him he was entitled to request permission to withdraw his July 1st application for admission.  She argued their failure to fully advise Mr. Chavarria-Arellano deprived him of due process.  Not only that, but according to her, he suffered prejudice as a result of the due process violation.  She insisted he would have attempted to withdraw his application and return to Mexico had he been properly advised.  Had the INS granted his request, the July 1st removal order never would have been entered.  Absent the July 1st order, there would be no basis for prosecuting him.

    The Court began with the order that was entered on May 19, 1998.  It was not subject to challenge in the criminal case, noted the Court, because its existence was not element of the charge against Mr. Chavarria-Arellano.  Put somewhat differently, the charge against Mr. Chavarria-Arellano was not based upon the May 19th order; rather, it was based upon the July 1st order.  As a result, the Court turned to the July 1st order.  The Court upheld its validity because, given the relevant regulations, the officials who interacted with Mr. Chavarria-

Order - 3

Arellano at the border were under no obligation to advise him he could request permission to withdraw his application. Consequently, the Court denied his motion to dismiss. He entered a conditional plea of guilty.

A United States Probation Officer prepared a Presentence Investigation Report ("PIR"). Among other things, the PIR listed Mr. Chavarria-Arellano's prior convictions. One was the 2000 conviction for conspiracy to deliver cocaine. The existence of a drug-trafficking offense resulted in a 12-level increase of Mr. Chavarria-Arellano's offense level. Given an adjusted offense level of 17, and given the fact he fell in criminal history category IV, his guideline range was 37-46 months in prison. On July 26, 2013, the Court sentenced him to a term of 30 months imprisonment.

Mr. Chavarria-Arellano appealed. He challenged both the order that was entered on May 19, 1998, and the one that was entered on July 1, 1998. The Ninth Circuit declined to review the May 19th order. As the circuit court observed, the Indictment did not rest upon the May 19th order. As a result, the May 19th order was not subject to challenge in this proceeding. 8 U.S.C. § 1326(d). The circuit court then addressed the July 1st order. It ruled Mr. Chavarria-Arellano's attempt to impeach the order was foreclosed by *United States v. Sanchez-Aguilar*, 719 F.3d 1108 (9th Cir.2013). There, the Ninth Circuit ruled an immigration officer does not have a duty to inform an alien of his ability to request withdrawal of his application for admission to the United States. *Id.* at 1112.

Order - 4

On October 6, 2014, Mr. Chavarria-Arellano moved to vacate the judgment that was entered in this case.  28 U.S.C. § 2255.  Broadly speaking, he claims he was deprived of effective assistance of counsel in violation of the Sixth Amendment.  For one thing, he alleges his trial attorney failed to move for dismissal of the Indictment on the ground the July 1, 1998, and the March 30, 2000, orders were invalid.  For another thing, he alleges his trial attorney effectively prevented him from seeking cancellation of removal.  Neither allegation has merit.

**STANDARD**

Mr. Chavarria-Arellano claims he was deprived of constitutionally effective assistance prior to entering his conditional plea of guilty.  His claim is governed by the familiar two-part standard that is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In order to satisfy the "performance prong," he must establish his attorney's "representation fell below an objective standard of reasonableness."  *Id.* at 688, 104 S.Ct. 2052.  In order to satisfy the "prejudice prong," he must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S.Ct. 2052.  Here, Mr. Chavarria-Arellano is alleging that, but for his attorney's unprofessional errors, the Indictment would have been dismissed.[3]

---

[3]Mr. Chavarria-Arellano is not claiming he would have gone to trial but for his attorney's alleged errors.  He wants nothing

Order - 5

**CHALLENGING THE VALIDITY OF THE INDICTMENT**

Mr. Chavarria-Arellano alleges his trial attorney failed to move for dismissal of the Indictment on the ground the 1998 orders and the 2000 order are invalid. This allegation is perplexing. In point of act, she did move to dismiss the Indictment. Not only that, but also she filed a thoughtful, well-written memorandum in support of the motion. Contrary to Mr. Chavarria-Arellano, she clearly argued the 1998 and 2000 removal orders are invalid. As it turned out, the Ninth Circuit rebuffed her arguments. However, this circumstance should not obscure the fact she intelligently and aggressively represented Mr. Chavarria-Arellano.

**2000 CONVICTION**

In the alternative, Mr. Chavarria-Arellano alleges his trial attorney effectively prevented him from seeking cancellation of removal. Mr. Chavarria-Arellano's position is not entirely clear. He seems to be making three allegations. To begin with, he alleges immigration officials erroneously classified his 2000 conspiracy conviction as an aggravated felony. Next, he alleges his attorney should have challenged the allegedly erroneous classification of his 2000 conspiracy conviction. Finally, he alleges he could have applied for cancellation of removal had she done so. He is mistaken. In order to understand why that is so, it is necessary to consider what occurred on July 1, 1998, and March 30, 2000.

On July 1, 1998, Mr. Chavarria-Arellano approached the border and

---

less than dismissal of the Indictment.

Order - 6

falsely claimed to be a citizen of the United States.[4]  A border agent discovered his deceit.  The agent did not place Mr. Chavarria-Arellano in formal removal proceedings.  Instead, he issued an expedited removal order.  The agent's decision had momentous consequences for Mr. Chavarria-Arellano.  A person who is placed in formal removal proceedings may apply for cancellation of removal.  *Galindo-Romero v. Holder*, 640 F.3d 873, 875 n.1 (9th Cir.2011).  Not so the person who is placed in expedited removal proceedings.  He is ineligible for cancellation of removal.  *Id.*  Thus, Mr. Chavarria-Arellano was ineligible for such relief on July 1, 1998.  Nor could he have applied for cancellation of removal when the INS commenced reinstatement proceedings on March 30, 2000.  8 U.S.C. § 1231(a)(5).[5]  *See also Valdivia v. Mukasey*, 303 Fed. Appx. 539 (9th Cir.2008) (unpublished disposition) (the Board of Immigration Appeals "did not err in finding that the expedited removal order of October 3, 2004 and the reinstated removal order of October 24, 2004 rendered petitioner ineligible for

---

[4]This circumstance serves to distinguish his case from *United States v. Raya-Vaca*, 771 F.3d 1195, 1202  (9th Cir.2014) (a person who has entered the United States "is entitled to the protection of the Due Process Clause.")

[5]Section 1231(a)(5) states in pertinent part, "If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter . . . ."

Order - 7

cancellation of removal" (citing 8 U.S.C. §§ 1225(b)(1)(A), 1231(a)(5))).

To summarize, Mr. Chavarria-Arellano misconceives the circumstances that led to his removal from the United States during 2000. He was not removed because the INS classified his 2000 conviction as an aggravated felony. To the contrary, the classification of the conviction was irrelevant. The critical circumstance was the INS's decision to reinstate the 1998 expedited removal order. Its decision to proceed in that manner meant Mr. Chavarria-Arellano was ineligible for cancellation of removal. He would have remained ineligible even if his attorney had somehow demonstrated the 2000 conviction was a non-aggravated felony. Consequently, his attorney did not err by failing to challenge the classification of the 2000 conviction.

**28 U.S.C. § 2253(C)(1)(b)**

Mr. Chavarria-Arellano has failed to demonstrate "reasonable jurists could debate whether . . . [his § 2255 motion] should . . . [be] resolved in a different manner or that the issues presented . . . [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal punctuation and citation omitted). As a result, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

**IT IS HEREBY ORDERED:**

1. The defendant's motion to vacate (**ECF No. 82**) is **denied**.

Order - 8

2. A certificate of appealability will not be issued.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the plaintiff.

**DATED** this ___18th___ day of December, 2014.

                              s/ Fred Van Sickle
                                Fred Van Sickle
               Senior United States District Judge